ARTHUR W. CURLEY, BAR NO. 60902
PETER F. FINN, BAR NO. 267810
BRADLEY, CURLEY, BARRABEE
& KOWALSKI, P.C.
1100 Larkspur Landing Circle, Suite 350
Larkspur, California 94939
Telephone: (415) 464-8888
Facsimile: (415) 464-8887

Attorneys for Defendant
ALTERNATIVE FAMILY SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.F. by and through her Guardian and Guardian Ad Litem SOLOMON FARR; E.F. by and through her Guardian and Guardian Ad Litem SOLOMON FARR; S.F. by and through her Guardian and Guardian Ad Litem SOLOMON FARR,<br><br>Plaintiffs,<br><br>v.<br><br>MARK ZAPATA MARTINEZ; MARTHA MARTINEZ; ALTERNATIVE FAMILY SERVICES, INC.; and DOES 1 - 30,<br><br>Defendants. | No. 3:19-cv-04910-JCS<br><br>**DEFENDANT ALTERNATIVE FAMILY SERVICES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(b)(6)**<br><br>Date: October 4, 2019<br>Time: 9:30 a.m.<br>Dept.: Courtroom G, 15th Floor |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT ON** October 4, 2019 at 9:30 a.m. in Courtroom G, 15th Floor, of the above-entitled Court located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant ALTERNATIVE FAMILY SERVICES, INC. ("AFS") will and does hereby move the Court for an order dismissing, without leave to amend, the (a) Fourth Cause of Action for violation of 42 U.S.C. § 1983 and (b) Fifth Cause of Action for violation of California Civil Code § 52.1 asserted against it in Plaintiffs' Complaint.

This Motion is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") and on the grounds that Plaintiffs' Fourth and Fifth Causes of Action fail to state a claim

BRADLEY, CURLEY,
BARRABEE &
KOWALSKI, P.C.
1100 Larkspur Landing
Circle, Suite 350
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 1 -
DEFENDANT ALTERNATIVE FAMILY SERVICES, INC.'S NOTICE OF MOTION AND MOTION TO
DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(b)(6)

1 | upon which relief can be granted as against AFS.

2 |     This Motion will be based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the Request for Judicial Notice, all pleadings and papers on file herein, the Reply that AFS anticipates filing, and any oral and documentary evidence as may be presented at the hearing of this matter.

Dated: August 28, 2019

BRADLEY, CURLEY, BARRABEE & KOWALSKI, P.C.

By: _____
ARTHUR W. CURLEY
Attorneys for Defendants
ALTERNATIVE FAMILY SERVICES, INC.

BRADLEY, CURLEY,
BARRABEE &
KOWALSKI, P.C.
1100 Larkspur Landing
Circle, Suite 350
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 2 -
DEFENDANT ALTERNATIVE FAMILY SERVICES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(b)(6)

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AFS' MOTION TO DISMISS FOURTH AND FIFTH CAUSES OF ACTION

## I. INTRODUCTION

This is an action for alleged physical and sexual abuse brought by Plaintiffs C.F., E.F., and S.F., by and through their Guardian and Guardian Ad Litem SOLOMON FARR (collectively "Plaintiffs"), against Defendants MARK ZAPATA MARTINEZ ("Mr. Martinez"), MARTHA MARTINEZ ("Ms. Martinez"), and ALTERNATIVE FAMILY SERVICES, INC. ("AFS"). Plaintiffs contend that E.F. and C.F. were abused by their foster parent, Mr. Martinez, at the foster home of Mr. Martinez and Ms. Martinez, and that S.F. was traumatized due to witnessing the assaults. Plaintiffs further allege that AFS was responsible for their placement in the foster home. As against AFS, Plaintiffs' Complaint asserts the following claims:

(a)  Second Cause of Action for Negligence;

(b)  Third Cause of Action for Negligence - Breach of Mandatory Duties;

(c)  Fourth Cause of Action for violation of 42 U.S.C. § 1983; and

(d)  Fifth Cause of Action for violation of California Civil Code § 52.1.

The latter two causes of action fail to state a plausible claim against AFS upon which relief can be granted. Accordingly, AFS brings this Motion to Dismiss Plaintiffs' Fourth and Fifth Causes of Action pursuant to FRCP 12(b)(6), respectfully requesting the Court to issue an order granting the Motion, without leave to amend.

## II. PLAINTIFFS' ALLEGATIONS[1]

Plaintiffs were placed in the foster home of Mr. Martinez and Ms. Martinez in or about mid-April 2018. (See ¶ 14 of Complaint). C.F. and E.F. claim they were sexually abused by Mr. Martinez from May to late June of 2018. (See ¶¶ 13-14 of Complaint). S.F. asserts he was traumatized as a result of witnessing the sexual assaults on his siblings. (See ¶ 13 of Complaint).

Plaintiffs allege AFS, "a corporation," was "responsible for certifying, selecting, vetting, supervising, training, placing, and all other aspects surrounding the foster home, placement of Plaintiffs in the foster home, supervision of Plaintiffs and the foster home, care of the Plaintiffs in

---

[1] As alleged in the Complaint, which is attached as Exhibit A to AFS' Request for Judicial Notice.

BRADLEY, CURLEY,
BARRABEE &
KOWALSKI, P.C.
1100 Larkspur Landing
Circle, Suite 350
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 3 -

DEFENDANT ALTERNATIVE FAMILY SERVICES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(b)(6)

the foster home, protection of Plaintiffs in the foster home, and otherwise as relevant to the foster home and safety of the Plaintiffs in the foster home." (See ¶¶ 7 and 21 of Complaint). **No other factual allegations regarding AFS are contained in Plaintiffs' Complaint.**

Based on the above, Plaintiffs contend all Defendants, including AFS, were negligent and breached mandatory duties enumerated in the California Department of Social Services Manual of Polices and Procedures, California Health & Safety Code, California Welfare & Institutions Code, and California Penal Code. (See Second and Third Causes of Action of Complaint). In addition, Plaintiffs claim all Defendants, including AFS, committed violations of 42. U.S.C. § 1983 and California Civil Code § 52.1. (See Fourth and Fifth Causes of Action of Complaint).

As to the Fourth Cause of Action, Plaintiffs solely state the following conclusory allegation:

> Defendants, and each of them, acting under color of law, deprived Plaintiffs of their rights and privileges secured by the United States Constitution. The deliberate indifference by Defendants, as alleged herein, to the safety and welfare of Plaintiffs constituted a violation of Plaintiffs' substantive due process rights and is/was actionable under 42 U.S.C. Section 1983.

(See ¶ 30 of Complaint).

As to the Fifth Cause of Action, Plaintiffs claim "that Defendants, and each of them, violated Plaintiffs' civil rights and subjected Plaintiffs to physical violence," and did so "under color and pretense of law, under color of the statutes, ordinances, regulations, policies, practices, customs, and usages of the State of California and County of Sonoma." (See ¶¶ 34-35 of Complaint).

## III. ARGUMENT

### A. Legal Standards for a Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* (2009) 556 U.S. 662, 678. "Dismissal under Rule 12(b)(6) is appropriate . . . where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hospital Medical Center* (9th Cir. 2008) 521 F.3d 1097, 1104. A plaintiff must demonstrate "a right to relief above a speculative level . . . ." *Bell Atlantic Corp. v. Twombly* (2007)

BRADLEY, CURLEY,
BARRABEE &
KOWALSKI, P.C.
1100 Larkspur Landing
Circle, Suite 350
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 4 -
DEFENDANT ALTERNATIVE FAMILY SERVICES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(b)(6)

550 U.S. 544, 555. This requires more than "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements . . . ." *Iqbal*, 556 U.S. at 678. Moreover, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers* (9th Cir. 1987) 812 F.2d 1173, 1177; *W. Mining Council v. Watt* (9th Cir. 1981) 643 F.2d 618, 624. Stated otherwise, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A logically corollary to all of the above is that there must be some fact asserted.

    **B.**    **Plaintiffs' Fourth Cause of Action for Violation of 42 U.S.C. § 1983 Fails to State a Claim upon Which Relief can be Granted as Against AFS**

42 U.S.C. § 1983 provides, in relevant part:

> Every person who, **under color of any statute, ordinance, regulation, custom, or usage**, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

[Emphasis added].

To establish a claim under 42 U.S.C. § 1983, Plaintiffs must show that (1) they were deprived of a right secured by the Constitution and laws of the United States, and (2) the deprivation was committed by a person acting under color of state law [i.e. the deprivation was attributable to government action]. *Tsao v. Desert Palace, Inc.* (9th Cir. 2012) 698 F.3d 1128, 1138. The second point means Plaintiffs must demonstrate that the defendants were **state actors** and acted under color of state law. *Kirtley v. Rainey* (9th Cir. 2003) 326 F.3d 1088, 1092. "The purpose of this requirement is to assure that constitutional standards are invoked only when it can be said that the State is *responsible* for the specific conduct of which the plaintiff complains." *Blum v. Yaretsky* (1982) 457 U.S. 991, 1004 [italics in original]. As such, private parties are generally not subject to suit under 42 U.S.C. § 1983. Indeed, the Ninth Circuit has explained that there is a **presumption** that private conduct does **not** constitute governmental action and it is only in **rare circumstances** that a private party may be viewed as a "state actor" for section 1983 purposes. *Sutton v. Providence St. Joseph Medical Center* (9th Cir. 1999) 192 F.3d 826, 835.

Here, there are no allegations in Plaintiffs' Complaint that AFS is a government agency or

BRADLEY, CURLEY,
BARRABEE &
KOWALSKI, P.C.
1100 Larkspur Landing
Circle, Suite 350
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 5 -

DEFENDANT ALTERNATIVE FAMILY SERVICES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(b)(6)

otherwise a public actor. Nor are there any factual allegations to attribute state action to anything AFS may have done or not done. All Plaintiffs have alleged is a rote conclusory statement that recites an element of the cause of action. (See ¶ 30 of Complaint). This is insufficient. *Iqbal*, at 678; *Roberts*, 812 F.2d at 1177; *W. Mining Council*, 643 F.2d at 624.

Plaintiff's Fourth Cause of Action against AFS for violation of 42 U.S.C. § 1983 therefore fails to plausibly state a claim and should be dismissed, with prejudice.

### C. Plaintiffs' Fifth Cause of Action for Violation of California Civil Code § 52.1 Fails to State a Claim upon Which Relief can be Granted as Against AFS

California Civil Code § 52.1, known as the Tom Bane Civil Rights Act ("Bane Act"), was enacted by the California Legislature "to stem the tide of hate crimes." *Jones v. Kmart Corporation* (1998) 17 Cal.4th 329, 338. "'[T]o state a cause of action under section 52.1 there must first be violence or intimidation by threat of violence. Second, the violence or threatened violence must be due to plaintiff's membership in one of the specified classifications set forth in Civil Code section 51.7 or a group similarly protected by constitution or statute from hate crimes.'" *Gabrielle A. v. County of Orange* (2017) 10 Cal.App.5th 1268, 1290; see also, CACI 3066.

Plaintiffs' Fifth Cause of Action against AFS for violation of the Bane Act fails for multiple reasons. There are no allegations in the Complaint that anyone affiliated with AFS committed an act of violence against Plaintiffs or threatened to do so. Nor are there any allegations that Mr. Martinez and Mrs. Martinez were agents and/or employees of AFS. The *closest* the Complaint comes is a generic statement that "each Defendant was completely dominated and controlled by his/her/its co-Defendants and each was the alter ego of the other as to the events set forth herein." (See ¶ 12 of Complaint). Yet, this is nothing more than a threadbare conclusory statement that is inadequate as a matter of law. *Iqbal*, at 678; *Roberts*, at 1177; *W. Mining Council*, at 624.[2]

In addition, Plaintiffs fail to allege that Mr. Martinez committed his violent acts because of Plaintiffs' membership in a protected category (their sex, race, color, religion, ancestry, national

---

[2] Indeed, as the California Supreme Court has noted, such allegations constitute "egregious examples of generic boilerplate." *Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 134 fn. 12.

BRADLEY, CURLEY,
BARRABEE &
KOWALSKI, P.C.
1100 Larkspur Landing
Circle, Suite 350
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 6 -
DEFENDANT ALTERNATIVE FAMILY SERVICES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(b)(6)

origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status)[3] or that they fall into a group protected by the Constitution or statute from hate crimes.

Plaintiff's Fifth Cause of Action against AFS for violation of the Bane Act therefore fails to plausibly state a claim and should be dismissed, with prejudice.

## IV. CONCLUSION

For the foregoing reasons, AFS respectfully requests the Court to issue an order granting its Motion to Dismiss Plaintiffs' Fourth and Fifth Causes of Action pursuant to FRCP 12(b)(6), without leave to amend.

Dated: August 28, 2019

BRADLEY, CURLEY, BARRABEE & KOWALSKI, P.C.

By: _____
ARTHUR W. CURLEY
Attorneys for Defendants
ALTERNATIVE FAMILY SERVICES, INC.

---

[3] See California Civil Code §§ 51(b) and 51.7(b).

BRADLEY, CURLEY,
BARRABEE &
KOWALSKI, P.C.
1100 Larkspur Landing
Circle, Suite 350
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 7 -

DEFENDANT ALTERNATIVE FAMILY SERVICES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(b)(6)